

**Smith Katzenstein Furlow LLP**

*Attorneys at Law*

Craig B. Smith
Robert J. Katzenstein
David A. Jenkins
Laurence V. Cronin
Michele C. Gott
Kathleen M. Miller
Joelle E. Polesky
Roger D. Anderson
Robert K. Beste
Etta R. Wolfe

The Corporate Plaza
800 Delaware Avenue, 7th Floor
P.O. Box 410
Wilmington, Delaware 19899
(Courier 19801)
Phone (302) 652-8400
Fax (302) 652-8405
www.skfdelaware.com

October 17, 2006

*VIA E-FILING AND HAND DELIVERY*

The Honorable Gregory M. Sleet
United States District Court
for the District of Delaware
844 King Street
Wilmington, DE 19801

Re:   *Grimes v. RNI Winddown Corp.*
      06-585 (GMS)

Dear Judge Sleet:

We represent Charles L. Grimes. I write on behalf of both parties to this appeal, Mr. Grimes and the Plan Administrator. The parties received notice of appointment of the mediator, pursuant to the mandatory mediation order. The parties believe, for the reasons stated below, that the mediation will be futile. Therefore, we request that we be excused from mediating this appeal.

Mr. Grimes appealed the Bankruptcy Court's granting of the Debtors' Motion for an Order Pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure Approving the Amendment to the Stipulation and Agreement of Settlement Dated as of November 12, 2004 (the "9019 Motion"). The 9019 Motion arises out of the Debtors' pre-petition settlement of a derivative claim, which was approved by the District Court for the Northern District of California (the "District Court"). Mr. Grimes appealed that order to the United States Court of Appeals for the Ninth Circuit. While that appeal was pending, the company filed a petition for relief under the United States Bankruptcy Code in the District of Delaware.

Through the 9019 Motion, the Debtors sought Bankruptcy Court approval of a revision to the settlement agreement previously approved by the District Court in California. Mr. Grimes objected to the 9019 Motion, arguing, among other things, that it was seeking an order from the Bankruptcy Court that would in essence overrule the previous order of the District Court. Accordingly, Mr. Grimes argued that the Bankruptcy Court did not have jurisdiction to grant the relief requested in the 9019

The Honorable Gregory M. Sleet
October 17, 2006
Page 2

Motion. The Bankruptcy Court overruled Mr. Grimes' objection and granted the 9019 Motion. At the same time, the Bankruptcy Court also denied, without prejudice, Mr. Grimes' Motion for Relief from the Automatic Stay, by which he sought to proceed with the appeal in the Ninth Circuit.

Since this appeal was filed, the parties have discussed settlement. The parties agree that the legal issues involved preclude a settlement of the appeal. To avoid the expense of a mediation that cannot result in a settlement, the parties request that they be permitted to by-pass mediation and proceed with briefing.

Respectfully,

Kathleen M. Miller
(ID No. 2898)

cc:   William R. Baldiga (all by fax)
      Cheryl B. Pinarchick
      Stephen K. Kortanek
      Vincent J. Poppiti

10018657.WPD